1
2
3
4
5
6

# UNITED STATES DISTRICT COURT

7

## SOUTHERN DISTRICT OF CALIFORNIA

8
9

JAVON LAMAR TORBERT, CDCR #P-96193,

CASE NO. 11cv2953 DMS (WMc)

10

Plaintiff,

**ORDER GRANTING EXTENSION**

11

vs.

**[ECF No. 20.]**

12
13

COUNTY OF SAN DIEGO; MADSEN; STORTON, BLACK; MIDECKE; OGSBERT; JOHN DOES,

14

Defendants.

15

## I. INTRODUCTION

16
17

On March 29, 2012, Plaintiff, a state prisoner proceeding *pro se*, filed a request to extend the

time allotted in the Court's Scheduling Order for amendment of pleadings. [ECF No. 20.] In his letter

18
19

request to the Court, Plaintiff seeks a brief one-week extension up to and including April 6, 2012, to

file an amended pleading. *Id.*

20

## II. STANDARD

21
22

Federal Rule of Civil Procedure 15(a) provides that a party may amend its complaint once "as

a matter of course" before a responsive pleading is served, or at any time within twenty days of service

23
24

if it requires no response. "Otherwise a party may amend the party's pleading only by leave of court

or by written consent of the adverse party; and leave shall be freely given when justice so requires."

25

Fed. R. Civ. P. 15 (a).

26
27

This Court notes that on several occasions, "the Supreme Court has instructed the lower federal

courts to heed carefully the command of Rule 15(a), F[ed]. R. Civ. P., by freely granting leave to

28

amend when justice so requires." *DCD Programs, LTD. v. Leighton, 833 F.2d 183, 186 (9th Cir. 1995)*

- 1 -

1   (quoting *Gabrielson v. Montgomery Ward & Co., 785 F.2d 762, 765 (9ᵗʰ Cir. 1986))* (quoting *Howey*

2   *v. United States, 481 F.2d 1187, 1190 (9ᵗʰ Cir. 1973))* (citations omitted).  "Rule 15's policy of

3   favoring amendments to pleadings should be applied with 'extreme liberality.'" *United States v. Webb,*

4   *655 F.2d 977, 979 (9ᵗʰ Cir. 1981)* (citing *Rosenberg Brothers & Co. v. Arnold, 283 F.2d 406 (9ᵗʰ Cir.*

5   *1960)* (per curiam)).  Liberality in granting leave to amend pleadings is not dependent on whether

6   amendment will add causes of action or parties; however, "it is subject to qualification that

7   amendment not cause opposing party undue prejudice, is not sought in bad faith, and does not

8   constitute an exercise in futility."  *DCD Programs, Ltd. v. Leighton,* 833 F.2d 183, 186 (9th Cir.

9   1981).

10      In *Foman v. Davis*, 371 U.S. 178 (1962), the United States Supreme Court held that leave to

11   amend pleadings should be freely given in the absence of any apparent or declared reasons.  The Court

12   enunciated multiple factors a district court should consider when deciding whether to grant leave to

13   amend, including:

14      [U]ndue delay, bad faith or dilatory motive on the part of the movant,

15      repeated failure to cure deficiencies by amendments previously allowed,

16      undue prejudice to the opposing party by virtue of allowance of the

17      amendment, futility of amendment.

18   *Id.* at 182.

19      The Ninth Circuit rule allows amendments to pleadings absent a showing of the factors set

20   forth in *Foman*.  *See Yakima Indian Nation v. State of Wash. Dep't of Revenue*, 176 F.3d 1241 (9th

21   Cir. 1999).  However, not all the *Foman* factors are of equal weight.  *Eminence Capital*, 316 F.3d at

22   1052.  The consideration of prejudice to the opposing party carries the greatest weight.  *Id.* at 1051;

23   *See also DCD Programs*, 833 F.2d at 186-87 (noting that the party opposing the amendment "bears

24   the burden of showing prejudice").  Furthermore, absent prejudice, or a strong showing of any of the

25   remaining *Foman* factors, there exists a presumption under Rule 15(a) in favor of granting leave to

26   amend pleadings.  *Eminence Capital*, 316 F.3d at 1052.

27   ///

28   ///

1    ///

2    **III.   DISCUSSION AND ORDER THEREON**

3            Plaintiff's request for an extension is **GRANTED**.  Plaintiff writes that he requires a short

4    extension because the High Desert State Prison is on lockdown and this condition limits the amount

5    of time in which he is given to work on his proposed amendment.  [ECF No. 20.]   After careful

6    consideration of the procedural history of this case as well as the *Foman* factors, the Court finds that

7    because an Answer in this matter has been filed as recently as March 26, 2012 and a Scheduling Order

8    issued only two weeks ago, Plaintiff has not unduly delayed in submitting the request at issue.

9    Similarly, because this case is still in the pleading stages, the Court further finds a one-week extension

10   of the amendment deadline will not significantly prejudice Defendants.  Accordingly, **IT IS HEREBY**

11   **ORDERED** that any motion to join other parties, to amend the pleadings, or to file additional

12   pleadings shall be filed on or before **April 6, 2012**.  The remainder of the Court's March 13, 2012

13   Scheduling Order shall continue with full force and effect. [ECF No. 17.]

14          **IT IS SO ORDERED.**

15   DATED: April 2, 2012

16                                                        _____

                                                         Hon. William McCurine, Jr.
17                                                       U.S. Magistrate Judge, U.S.District Court

18

19

20

21

22

23

24

25

26

27

28