# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAVON LAMAR TORBERT, CDCR #P-96193,<br><br>                    Plaintiff,<br>  vs.<br><br>COUNTY OF SAN DIEGO; MADSEN; STORTON, BLACK; MIDECKE; OGSBERT; JOHN DOES,<br><br>                    Defendants. | CASE NO. 11cv2953 DMS (WMc)<br><br>**ORDER GRANTING EXTENSION**<br><br>**[ECF No. 20.]** |

## I. INTRODUCTION

On March 29, 2012, Plaintiff, a state prisoner proceeding *pro se*, filed a request to extend the time allotted in the Court's Scheduling Order for amendment of pleadings. [ECF No. 20.] In his letter request to the Court, Plaintiff seeks a brief one-week extension up to and including April 6, 2012, to file an amended pleading. *Id.*

## II. STANDARD

Federal Rule of Civil Procedure 15(a) provides that a party may amend its complaint once "as a matter of course" before a responsive pleading is served, or at any time within twenty days of service if it requires no response. "Otherwise a party may amend the party's pleading only by leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires." Fed. R. Civ. P. 15 (a).

This Court notes that on several occasions, "the Supreme Court has instructed the lower federal courts to heed carefully the command of Rule 15(a), F[ed]. R. Civ. P., by freely granting leave to amend when justice so requires." *DCD Programs, LTD. v. Leighton, 833 F.2d 183, 186 (9th Cir. 1995)*

1  (quoting *Gabrielson v. Montgomery Ward & Co.*, 785 F.2d 762, 765 (9th Cir. 1986)) (quoting *Howey v. United States*, 481 F.2d 1187, 1190 (9th Cir. 1973)) (citations omitted). "Rule 15's policy of favoring amendments to pleadings should be applied with 'extreme liberality.'" *United States v. Webb*, 655 F.2d 977, 979 (9th Cir. 1981) (citing *Rosenberg Brothers & Co. v. Arnold*, 283 F.2d 406 (9th Cir. 1960) (per curiam)). Liberality in granting leave to amend pleadings is not dependent on whether amendment will add causes of action or parties; however, "it is subject to qualification that amendment not cause opposing party undue prejudice, is not sought in bad faith, and does not constitute an exercise in futility." *DCD Programs, Ltd. v. Leighton,* 833 F.2d 183, 186 (9th Cir. 1981).

In *Foman v. Davis*, 371 U.S. 178 (1962), the United States Supreme Court held that leave to amend pleadings should be freely given in the absence of any apparent or declared reasons. The Court enunciated multiple factors a district court should consider when deciding whether to grant leave to amend, including:

> [U]ndue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment.

*Id.* at 182.

The Ninth Circuit rule allows amendments to pleadings absent a showing of the factors set forth in *Foman*. *See Yakima Indian Nation v. State of Wash. Dep't of Revenue*, 176 F.3d 1241 (9th Cir. 1999). However, not all the *Foman* factors are of equal weight. *Eminence Capital*, 316 F.3d at 1052. The consideration of prejudice to the opposing party carries the greatest weight. *Id.* at 1051; *See also DCD Programs*, 833 F.2d at 186-87 (noting that the party opposing the amendment "bears the burden of showing prejudice"). Furthermore, absent prejudice, or a strong showing of any of the remaining *Foman* factors, there exists a presumption under Rule 15(a) in favor of granting leave to amend pleadings. *Eminence Capital*, 316 F.3d at 1052.

///

///

///

## III. DISCUSSION AND ORDER THEREON

Plaintiff's request for an extension is **GRANTED**. Plaintiff writes that he requires a short extension because the High Desert State Prison is on lockdown and this condition limits the amount of time in which he is given to work on his proposed amendment. [ECF No. 20.] After careful consideration of the procedural history of this case as well as the *Foman* factors, the Court finds that because an Answer in this matter has been filed as recently as March 26, 2012 and a Scheduling Order issued only two weeks ago, Plaintiff has not unduly delayed in submitting the request at issue. Similarly, because this case is still in the pleading stages, the Court further finds a one-week extension of the amendment deadline will not significantly prejudice Defendants. Accordingly, **IT IS HEREBY ORDERED** that any motion to join other parties, to amend the pleadings, or to file additional pleadings shall be filed on or before **April 6, 2012**. The remainder of the Court's March 13, 2012 Scheduling Order shall continue with full force and effect. [ECF No. 17.]

**IT IS SO ORDERED.**

DATED: April 2, 2012

_____
Hon. William McCurine, Jr.
U.S. Magistrate Judge, U.S.District Court