# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAVON LAMAR TORBERT, CDCR #P-96193,<br><br>　　　　　　　　　　　　　Plaintiff,<br>　vs.<br><br>COUNTY OF SAN DIEGO; MADSEN; STORTON, BLACK; MIDECKE; OGSBERT; JOHN DOES,<br><br>　　　　　　　　　　　　　Defendants. | CASE NO. 11cv2953 DMS (WMc)<br><br>**ORDER ON PRODUCTION OF DOCUMENTS FOLLOWING *IN CAMERA* REVIEW** |

## I. INTRODUCTION AND PROCEDURAL HISTORY

On May 22, 2012, Plaintiff filed a motion to compel seeking a response to interrogatories from Defendants Madsen and Miedecke. [ECF No. 53.] On June 25, 2012, Defendants filed an opposition to Plaintiff's motion to compel. [ECF No. 64.] On July 11, 2012, the Court issued an Order granting in part and denying part Plaintiff's motion to compel and directing Defendant Miedecke to lodge a privilege log and a copy of any disputed documents for *in camera* review. [ECF No. 77.] The privilege log and disputed documents were lodged with Judge McCurine's chambers on July 25, 2012. The Court has completed its *in camera* review and issues the following order.

///
///
///
///

## II. *IN CAMERA* REVIEW

**A. Privileges**

Plaintiff's civil rights action arises under 42 U.S.C. 1983, a federal statute. Because Plaintiff's federal rights may be impacted by Defendant's assertions of privilege, it is well established that the existence of any claimed privilege is governed by principles of federal common law. *United States v. Zolin*, 491 U.S. 554 (1989); *see also Kelly v. City of San Jose*, 114 F.R.D. 653, 656 (N.D. Cal. 1987) ("It obviously would make no sense to permit state law to determine what evidence is discoverable in cases brought pursuant to federal statutes whose central purpose is to protect citizens from abuses of power by state or local authorities. If state law controlled, state authorities could effectively insulate themselves from constitutional norms simply by developing privilege doctrines that made it virtually impossible for plaintiffs to develop the kind of information they need to prosecute their federal claims.") Aside from a privacy objection, Defendant's privilege log cites to state privileges. However, as explained above, "*only* federal common law governs the adjudication of federal rights." *Leon v. County of San Diego*, 202 F.R.D. 631, 636 (S.D. Cal. 2001) (emphasis added) (citing *Taylor v. Los Angeles Police Dept*. 1999 WL 33101661, *3 n. 1 (C.D. Cal. Nov. 10, 1999) ("The so-called privileges raised by Defendants under various provisions of the California Evidence and Penal Codes are not federal evidentiary privileges and do not warrant discussion.") **Accordingly, the Court denies Defendant's objections based on state evidentiary privileges.**

Federal courts generally recognize a right of privacy that can be raised in response to discovery requests. *Johnson ex rel Johnson v. Thompson*, 971 F.2d 1487, 1497 (10th Cir. 1992) (denying discovery of names of participants in a medical study due to privacy interests of the individual participants). The party whose privacy is affected may object or seek a protective order. *Laxalt v. McClatchy*, 809 F.2d 885, 889 (D.C. Cir. 1987). Resolution of a privacy objection requires a balancing of the need for the particular information against the privacy right asserted. *Cook v. Yellow Freight System, Inc*., 132 F.R.D. 548, 550-551 (E.D. Cal. 1990) (balancing targeted individual's right of privacy against public's need for discovery in employment discrimination case.) After review of the various course outlines and training

1 certificates lodged with chambers, the Court finds the documents do not contain the type of

2 privileged personal information that would typically be present in personnel records.

3 **Accordingly, Plaintiff's need for information on training Defendant received outweighs**

4 **Defendant's claim of privacy.  Defendant's privacy objection is overruled.**

5 **B. Relevance**

6 Under Federal Rules of Civil Procedure, parties may obtain discovery of material that is (1)

7 "not privileged" and (2) "relevant to the subject matter involved in the pending action." Fed. R.

8 Civ. P. 26(b)(1).  Moreover, "[t]he information sought need not be admissible at the trial if the

9 information sought appears reasonably calculated to lead to the discovery of admissible evidence."

10 *Id.*

11 A relevant matter is "any matter that bears on, or that reasonably could lead to other

12 matters that could bear on, any issue that is or may be in the case." *Soto v. City of Concord*, 162

13 F.R.D. 603, 617 (N.D. Cal. 1995) (quoting *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351

14 (1978).)  Items typically found in personnel files, such as records concerning training and

15 performance, have been held to be relevant on the issues of credibility, notice to the employer,

16 ratification by the employer, motive of the officers and malicious intent.  *See Soto v. City of*

17 *Concord*, 162 F.R.D. at 613 (citing *Hampton v. City of San Diego*, 147 F.R.D. 227, 229 (S.D. Cal.

18 1993).

19 Here, Plaintiff alleges correctional officers used excessive force in violation of the Eighth

20 Amendment during an attempt to administer medications, which resulted in the use of pepper

21 spray and a taser gun against him. [ECF No. 1 at pp.12-13.][1]  After a careful review of the

22 disputed documents, the Court finds many of the course outlines and training certificates that have

23 been withheld bear on what Officer Miedecke may have learned or knew about applying force in a

24 good-faith effort to maintain discipline versus the use of force maliciously to cause harm.

25 ///

26 ///

27

28 [1] The document numbers and page numbers cited herein refer to those assigned by the Case Management/Electronic Case Filing (CM/ECF) system.

1 **Accordingly, the Court ORDERS the following course outlines and training certificates to be**
2 produced in full:
3 *EM 000001-000004*
4 *EM 000005*
5 *EM 000006*
6 *EM 000010*
7 *EM 000011-16*
8 *EM 000017*

## III.  DISCLOSURE SHALL OCCUR SUBJECT TO PROTECTIVE ORDER

Courts have fulfilled a plaintiff's need for discovery while protecting a defendant's privacy by ordering the production of documents subject to a protective order limiting the access to the material at issue to plaintiff, his counsel and those experts who require such information to formulate an opinion.  *Soto v. City of Concord*, 162 F.R.D. 603, 617 (N.D. Cal. 1995.)

The Court finds that a protective order will serve the interests of both parties in facilitating discovery and yet protecting the privacy of the parties involved.  Therefore, the Court orders the parties to enter into a protective order governing the documents the Court has ordered to be disclosed.  Defendant's counsel shall prepare a proposed protective order and provide it to Plaintiff.   Once the proposed protective order has been signed by both parties, Defendant's counsel shall lodge the order with Judge McCurines's chambers no later than **August 27, 2012**.  Service of the documents ordered disclosed shall occur within **ten (10) calendar days after the Court signs the protective order.**  All documents produced must be bates-stamped.  Every page of every document must have a number.

## IV.  CONCLUSION AND ORDER

In accordance with the Court's findings expressed above, Defendant is ordered to produce the documents identified above **pursuant to protective order**:

**IT IS SO ORDERED.**

DATED: July 30, 2012

*/s/ W. McCurine Jr.*

Hon. William McCurine, Jr.
U.S. Magistrate Judge, U.S.District Court