# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAVON LAMAR TORBERT, CDCR #P-96193,<br><br>   Plaintiff,<br><br>   vs.<br><br>COUNTY OF SAN DIEGO; MADSEN; STORTON, BLACK; MIDECKE; OGSBERT; JOHN DOES,<br><br>   Defendants. | CASE NO. 11cv2953 DMS (WMc)<br><br>**ORDER DENYING PLAINTIFF'S MOTION TO COMPEL COMPLIANCE WITH SUBPOENA DUCES TECUM**<br><br>[ ECF. NO. 72.] |

## I.   INTRODUCTION

On July 2, 2012, Plaintiff, a state prisoner proceeding *pro se*, filed a motion to compel compliance with a third-party records subpoena served on non-party, the San Diego County Citizen's Law Enforcement Review Board ("CLERB"). Plaintiff seeks photographs from the CLERB which is an organization that conducts investigations into citizen complaints alleging misconduct by representatives of the San Diego County Sheriff and Probation Departments. [Hunter Decl., ECF. No. 95-2, at 1:22-25.] Plaintiff contends he seeks "only the photos that were taken before signing the waiver." [ECF No. 72 at 2.] The photos were taken by the CLERB during the course of an uncompleted investigation and may depict injuries Plaintiff allegedly suffered at the hands of defendants in the instant litigation. [ECF No. 72 at 2.]

The CLERB opposes Plaintiff's motion to compel on the ground that Plaintiff knowingly and voluntarily waived his right to subpoena investigation records from the CLERB on June 30, 2009 when he filed a complaint with the CLERB and initiated a request for an investigation of officers

1  employed by the Sheriff's Department. [Defs. Oppo., ECF No. 95, at 2:22-3:3.]

2        Plaintiff acknowledges his consent to the waiver[1] of any right he may have had to subpoena the CLERB, yet argues the waiver he signed is invalid due to the fact that the CLERB investigation he requested was begun but never completed. Plaintiff contends his agreement to waive the ability to subpoena CLERB records was contingent upon CLERB actually completing an investigation. [ECF No. 72 at pp.1-2.] Plaintiff challenges the characterization of the photographs he seeks as CLERB records contending "the photos were taken before signing the waiver by CLERB's private investigator." [*Id.* at 2.] Plaintiff also argues that even if the photographs he seeks are confidential, their confidentiality must bow to his need to discover relevant evidence depicting the seriousness of his injuries. [ECF No. 72 at pp. 2-3.]

      In response to Plaintiff's contentions, the CLERB admits that an investigation in Plaintiff's complaint was never completed and explains Plaintiff's file was closed without resolution because the organization did not have the manpower to finish the investigation within the one-year time limit imposed under California law. [Defs. Oppo., ECF No. 95, at 3:8-16.] CLERB argues that regardless of the status of the investigation, the language of the waiver is clear and does not make waiver of any right to subpoena records in discovery contingent upon the completion of an investigation. [Defs. Oppo., ECF No. 95, at 3:6-7.] CLERB maintains that: (1) "the documents (photographs) for which production is demanded in the Subpoena are CLERB records"; and (2) "before undertaking the investigation of any complaint, CLERB requires a signed agreement from the complainant to not... seek discovery of any CLERB records, and to waive any rights the complainant might otherwise have to do so." [Defs. Oppo., ECF No. 95, at 2:1-2; 2:24-28.]

## II.   STANDARD OF REVIEW

### A. Federal Rule of Civil Procedure, Rule 45 - Subpoena

      Federal Rules of Civil Procedure 26 and 45 govern discovery from nonparties by subpoena.

---

[1] In pertinent part, the Request for Investigation of Complaint & Agreement Not To Subpoena Citizen's Law Enforcement Review Board Personnel or Records states: "I understand that investigative records associated with my complaint are confidential according to California law. By asking CLERB to investigate my complaint against Sheriff's Department sworn personnel, I agree *not* to subpoena or seek testimony from any member of CLERB or its employees, or to seek the discovery of any CLERB records, and I hereby waive any right I may otherwise have to do so."

*See Exxon Shipping Co. v. U.S. Dep't of Interior*, 34 F.3d 774, 779 (9th Cir.1994) (applying both rules to motion to quash subpoena). Specifically, under Federal Rule of Civil Procedure 45(a)(1)(c), any party may serve a subpoena commanding a nonparty "to produce documents, electronically stored information, or tangible things ...." Fed.R.Civ.P. 45(a)(1)(C). The subpoena may command the production of documents which are "not privileged" and are "relevant to any party's claim or defense" or "reasonably calculated to lead to the discovery of admissible evidence." Fed.R.Civ.P. 26(b)(1). Upon a timely motion, the court issuing such a subpoena shall quash or modify it if it determines that the subpoena "requires disclosure of privileged or other protected matter, if no exception or waiver applies." Fed.R.Civ.P. 45(c)(3)(A)(iii).

### B. Principles of Waiver

"Waiver is the 'intentional or voluntary relinquishment of a known right.'" *United States v. Fort*, 472 F.3d 1106, 1120 (9th Cir.2007) (quoting Black's Law Dictionary 1580 (6th ed.1990). "The Ninth Circuit has held that '[w]aiver occurs when there is an existing right, a knowledge of its existence, and an actual intention to relinquish it, or conduct so inconsistent with the intent to enforce the right as to induce a reasonable belief that it has been relinquished.' " *In re County of Orange*, 219 B.R. 543, 563 (Bkrtcy.C.D.Cal.1997) (quoting United States v. Reliance Ins. Co. ., 799 F.2d 1382, 1386 (9th Cir.1986)). "The determination of whether there is a waiver is usually a question of fact as the question of intent necessarily depends on the factual circumstances of each case." *Id*. (internal quotation marks and citation omitted).

### III. DISCUSSION

Under Rule 45 of the Federal Rules of Civil Procedure, the court shall quash subpoenas requiring disclosure of protected matter. Fed.R.Civ.P. 45(c)(3)(A)(iii). If the waiver signed by Plaintiff is valid, the photographs taken by the CLERB investigator are protected from disclosure in discovery because Plaintiff voluntarily and knowingly relinquished any right he may have had to request the photographs.

It is clear from Plaintiff's motion that he understood the form entitled "Request for Investigation of Complaint & Agreement Not To Subpoena Citizen's Law Enforcement Review Board Personnel or Records" prohibited him from seeking documents or testimony from the CLERB. After

1  careful consideration of the plain language of the waiver form, the Court has found no condition in
2  the form making waiver contingent on the completion of an investigation. Moreover, even if photos
3  of Plaintiff were taken by the CLERB investigator *before* the waiver was signed as Plaintiff contends,
4  Plaintiff still admittedly signed the waiver on June 30, 2009 thereby giving up any rights to discover
5  the photos or any other investigative records created by the CLERB. The Court declines to undertake
6  a balancing test weighing Plaintiff's need for discovery against the CLERB's duty to maintain the
7  privacy of peace office complaint records because Plaintiff was informed and knowingly waived his
8  right to attain investigative records of the CLERB. Plaintiff's reference to the decision, *Copley Press,*
9  *Inc. v. Superior Court*, 39 Cal. 4th 1272 (2006), is not persuasive. *Copley Press* involved a request for
10 disclosure of officer personnel records under the California Public Records Act. The news agency
11 requesting confidential records in *Copley Press* did not sign a waiver, which is the situation in the
12 instant case.

**IV.    CONCLUSION AND ORDER THEREON**

For all the foregoing reasons, the Court **DENIES** Plaintiff's motion to compel compliance with the third-party records subpoena served on non-party, the San Diego County Citizen's Law Enforcement Review Board.

**IT IS SO ORDERED.**

DATED: August 21, 2012

_____
Hon. William McCurine, Jr.
U.S. Magistrate Judge, U.S. District Court