1
2
3
4
5
6
7
8
9

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

10  JAVON LAMAR TORBERT, CDCR          )   Case No. 11CV2953 DMS (WMc)
    #P-96193                          )
11                                    )
                        Plaintiff,    )   **REPORT AND**
12                                    )   **RECOMMENDATION OF**
    v.                                )   **UNITED STATES MAGISTRATE**
13                                    )   **JUDGE RE: DISMISSAL**
    COUNTY OF SAN DIEGO;              )   **WITHOUT PREJUDICE OF**
14  MADSEN; STORTON, BLACK;           )   **DEFENDANT KEAYS UNDER**
    MIDECKE; OGSBERT; JOHN DOES,      )   **RULE 4(m) OF THE FEDERAL**
15                                    )   **RULES OF CIVIL PROCEDURE**
                        Defendants.   )
16  ────────────────────────────     )

17                        **I. INTRODUCTION**

18          Javon Lamar Torbert ("Plaintiff"), a state prisoner currently incarcerated

19  and proceeding *pro se*, filed a civil rights action pursuant to 42 U.S.C. § 1983 on

20  December 19, 2011.  All defendants in this action have appeared except for Dr.

21  Christie Keays.  A process receipt for Dr. Christie Keays ("Defendant") was returned

22  *unexecuted* on May 23, 2013 with no forwarding information available. [ECF No.

23  161.] During a telephonic status conference on the issue of service on June 7, 2013,

24  Plaintiff *pro se* was advised by the Court that Defendant Keays was subject to *sua*

25  *sponte* dismissal without prejudice from this action.  *See* Fed. R. Civ. P. 4(m). [ECF

26  No. 162.]

27  ///

28  ///

## II. <u>FACTUAL BACKGROUND</u>

Plaintiff alleges excessive force was used against him as a detainee in San Diego Central Jail on June 20, 2009, when the Defendant Sheriffs shot pepper balls at Plaintiff through a small opening in his cell door and one ball struck him in his prosthetic eye.   After he fell to the floor, Plaintiff alleges the Defendant Sheriffs tasered him above the groin area.  Shortly thereafter, he was taken to a searching area outside his cell, slammed to the floor and handcuffed such that the handcuffs cut off the circulation to his hands and feet.   On August 14, 2009, Plaintiff alleges he underwent eye surgery as a result of the pepper ball that struck his eye.  The next day, Plaintiff alleges he was further injured in San Diego County Jail when the medical staff removed his bandages.  As a result, Plaintiff alleges he needed further corrective surgery on February 26, 2010.   Plaintiff's complaint  identified the medical staff involved as John Doe defendants to be named after discovery.    Plaintiff seeks compensatory and punitive damages in an amount to be determined at trial. [ECF No. 1]

## III. <u>PROCEDURAL HISTORY</u>

1. On December 19, 2011, the *pro se* Plaintiff filed a verified complaint alleging Cruel and Unusual Punishment under 42 U.S.C. § 1983 against Defendants. [ECF No. 1.]

2. On March 26, 2012, Plaintiff moved for an extension to amend the pleadings via letter to the Court. [ECF No. 20.]

3.   On April 2, 2012, Plaintiff's motion was granted, extending the filing deadline for motions, amendments and pleadings to April 6, 2012. [ECF No. 21.]

4. On April 6, 2012, Plaintiff moved for a second Extension of Time to File Motion for Leave to Amend. [ECF No. 26.]

5. On April 17, 2012, the extension request was granted and Plaintiff was ordered to provide the names and addresses for any Doe Defendant no later than May 30, 2012. [ECF No. 31.]

6. On July 3, 2012, Plaintiff moved for a third Extension of Time to Amend Complaint [ECF No. 74.]

7. On August 22, 2012, Plaintiff's motion to amend was granted adding K. Kamoss as a Doe Defendant substitution. [ECF No. 110.]

8. On November 6, 2012, Plaintiff filed a motion to amend the complaint to add Dr. Christie Keays as a Doe Defendant substitution. [ECF No. 140.]

9. On November 13, 2012, the Court granted Plaintiff's motion directing Defendant to provide Plaintiff with the last known contact information for Dr. Keays. [ECF No. 142].

10. On November 30, 2012, January 14, 2013, and February 14, 2013, the Court held telephonic status conferences regarding the status of service on Dr. Keays. [ECF Nos. 146, 149 and 151, respectively.]

11. On March 11, 2013, the Court issued an order directing the U.S. Marshal to assist Plaintiff with service of the complaint due to his difficulty achieving service on Dr. Keays. [ECF No. 153.]

12. On May 13, 2013, the Court held a telephonic status conference regarding service on Dr. Keays. [ECF No. 158.]

13. On May 23, 2013, a process receipt was returned *unexecuted* for Dr. Keays and no forwarding information was available. [ECF No. 161.]

14. June 7, 2013, the Court held a telephonic status conference regarding service and discussed the unexecuted return receipt for Dr. Keays. [ECF No. 162.] The Court also advised Plaintiff that Dr. Keays was subject to *sua sponte* dismissal.

### IV. **LEGAL STANDARD**

Federal Rule of Civil Procedure 4(m) states: "If a defendant is not served within 120 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an

appropriate period. This subdivision (m) does not apply to service in a foreign country under Rule 4(f) or 4(j)(1)."

## V. <u>DISCUSSION</u>

The *pro se* Plaintiff is currently incarcerated and is filing *in forma pauperis*. [No. 4].  Plaintiff's incarceration makes it difficult for him to gather information because of restrictions on time and computer access.  The Court, however, granted Plaintiff an extension of more than six months to identify Dr. Keays and to serve her in a timely manner.

More than 120 days have passed since Plaintiff filed his initial complaint. Plaintiff was granted additional time by the Court to identify Dr. Keays and complete the necessary forms for the United States Marshal Service to serve process on Defendant.  Defendant could not be located and Plaintiff has not made the Court aware of any current locations or addresses for Dr. Keays.

The Plaintiff has not shown good cause for an additional extension of the deadline to serve Dr. Keays as required under Fed. R. Civ. 4(m).  **It is therefore RECOMMENDED** the Court dismiss Defendant Christie Keays **WITHOUT PREJUDICE** from the action for failure to be timely served.

## VI. <u>RECOMMENDATION AND ORDER THEREON</u>

For the reasons discussed above, **IT IS HEREBY RECOMMENDED** that the Court issue an order **DISMISSING WITHOUT PREJUDICE Defendant Dr. Christie Keays** for Plaintiff's failure to timely serve this Defendant or show good cause for the failure to serve this Defendant under Fed. R. Civ. P. 4(m).

**IT IS ORDERED** that no later than <u>**July 19, 2013,**</u> any party to this action my file written objections with the Court and serve a copy on all parties.  The document should be captioned "Objections to Report and recommendation."

///

///

///

4

11cv2953 DMS (WMc)

**IT IS FURTHER ORDERED** that any reply to the objections shall be filed with the Court and served on all parties no later than **August 2, 2013.**  The parties are advised that failure to file objections within the specified time may waive the right to raise those objections on appeal of the Court's Order.  *See Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998);  *Martinez v. Ylst,* 951 F.2d 1153, 1156 (9th Cir. 1991).

**IT IS SO ORDERED.**

DATED: June 28, 2013

Hon. William McCurine, Jr.
U.S. Magistrate Judge, U.S. District Court

11cv2953 DMS (WMc)